721 F.2d 315
 33 Fair Empl.Prac.Cas. 975,
33 Empl. Prac. Dec. P 33,972
Rush PETTWAY, et al., Plaintiffs-Appellees,
Charles L. Daniel, et al., Plaintiffs-Appellants,
and
United States Equal Employment Opportunity Commission,
Plaintiff-Intervenor-Appellee,
v.
AMERICAN CAST IRON PIPE COMPANY, Defendant-Appellee.
 No. 83-7425
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 21, 1983.
 
 Ronald L. Spratt, Birmingham, Ala., for Allen & O'Neal, et al.
 Ralph E. Coleman, Birmingham, Ala., for Daniel, et al.
 Robert L. Wiggins, Jr., Birmingham, Ala., for Pettway, et al.
 J. Patrick Logan, J. Fredric Ingram, F.A. Flowers, III, Birmingham, Ala., for American Cast Iron.
 Appeals from the United States District Court for the Northern District of Alabama.
 Before RONEY and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is the sixth appearance of this case before this Court and its predecessor, the Court of Appeals for the Fifth Circuit. The belabored history of the litigation is fully stated in its last previous appearance here, Pettway, et al. v. American Cast Iron Pipe Co., 681 F.2d 1259 (11th Cir.1983). Very briefly stated, the history encompassed the following steps. Originally the trial court found the existence of racial discrimination in the employment and promotion practices of the defendant. The court granted an injunction and then declined to find any damages in favor of the plaintiff class. Upon appeal, this Court remanded for a determination of back pay, 494 F.2d 211, leaving open, of course, the possibility of a settlement between the parties. Such a proposed settlement was recommended by the class representatives and their counsel, in a sum amounting to approximately $1,000,000. Because of the objection of some seventy percent of the members of the class, and other defects found by this Court to have occurred in the trial court's approval of such settlement, this Court again reversed and remanded the case for further proceedings. A substantial number of the members of the class had accepted checks mailed out by the defendant in accordance with the proposed settlement. Because the trial court announced its intention of requiring proof by every member of the class of his own amount of back pay to which he considered himself entitled, this Court again reversed and directed that the court determine whether it could not estimate a back pay award due to the class as a whole. Again, this Court at 681 F.2d 1259, encouraged a further effort at settlement. Settlement efforts finally succeeded and after due hearing upon the recommendation of the class counsel, more than 95 percent of the members of the class, with the concurrence of the Equal Employment Opportunity Commission, approved the settlement. Now, 58 members of the class, filed these appeals.
 
 
 2
 The principal argument presented by the present appellants is that they did not receive amounts in the proposed distribution equal to comparable members of the class. In effect, they contend they should not be required to include as part of their final award, the amount of the checks they cashed in 1975. With evidence at the fairness hearing of the current value of the 1975 payments to these employees, the court could properly conclude that the parties were treated fairly.
 
 
 3
 We have carefully considered the record of the fairness hearing conducted by the trial court, and the court's full discussion of each issue raised at the hearing. As stated by the court at the conclusion of the hearing, the court had been aware of the many issues in the case for a period of 17 years, and it showed itself to be completely aware of the relatively small number of objectors who made competing claims as to the amounts they should have received in the final settlement.
 
 
 4
 We find that the trial court had before it more than sufficient evidence upon which it could, as it did, conclude that the settlement was "fair and reasonable."
 
 
 5
 We particularly note that, once all of the legal complications in the case had finally been disposed of, during the many trips of this case to the courts of appeals of this and the Fifth Circuit, the trial court demonstrated unusual skill in apprehending each nuance that was even suggested by the present objectors, the appellants here. We conclude that the final determination of the trial court, bolstered to some extent by the agreement, though without the signature, of the Equal Employment Opportunity Commission, cannot be faulted as having been an abuse of the trial court's discretion.
 
 
 6
 All pending motions, not individually acted on, are hereby denied.
 
 
 7
 The judgment is AFFIRMED.