**David NICOL, Plaintiff-Appellee,**

v.

**GULF FLEET SUPPLY VESSELS, INC., in personam, et al., Defendants,**

**Hammett, Leake & Hammett, Movants-Appellants.**

**No. 83-3540.**

United States Court of Appeals, Fifth Circuit.

Oct. 9, 1984.

Hammett, Leake & Hammett, Michael L. Mullin, New Orleans, La., for movants-appellants.

Dale W. Poindexter, New Orleans, La., for plaintiff-appellee.

Before BROWN, GEE and RUBIN, Circuit Judges.

GEE, Circuit Judge:

David Nicol is a foreign seaman who brought suit against five interrelated Gulf Fleet companies to recover for personal injuries suffered aboard a Gulf Fleet tugboat. Nicol is represented by Dale W. Poindexter, who was associated with the law firm of Hammett, Leake & Hammett when Nicol's action was filed in 1980. Poindexter subsequently withdrew from the firm to establish his own practice, taking the Nicol matter with him. Unfortunately, Poindexter and his former law firm were unable to agree as to the Hammett firm's interest in fees earned for Poindexter's work on the Nicol case before his departure. Likewise, negotiations failed on whether Poindexter's ex-firm was entitled to reimbursement of several thousand dollars in costs expended on the Nicol case upon Poindexter's exodus or upon the conclusion of the case.

The district court dismissed Nicol's suit for lack of subject matter jurisdiction

on April 6, 1983; judgment for the Gulf Fleet defendants was rendered five days later. On April 28, 1983, the Hammett firm moved the district court for leave to intervene in Nicol's case to protect the fees and costs it alleged Poindexter owed the partnership.[1] But before the court ruled on the motion, Nicol filed his notice of appeal on May 5. A magistrate granted the motion to intervene 20 days later, but the district judge withdrew the leave to intervene several weeks later when ruling upon Nicol's motion to reconsider the magistrate's decision. We affirm the denial of intervention because the district court was without jurisdiction to rule upon the Hammett motion once Nicol had filed his notice of appeal.

 If an appeal is taken from a judgment which determines the entire action, the district court loses power to take any further action in the proceeding upon the filing of a timely and effective notice of appeal, except in aid of the appeal or to correct clerical errors under Rule 60(a). 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 203.11 at 3–54 (1983). That is the general rule in this Circuit, and it has been applied to motions for intervention.[2] *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928–29. Accordingly, the district court in this case was without jurisdiction to rule on the motion to intervene filed by Hammett, Leake & Hammett once Nicol had filed his notice of appeal.

The law firm did not subsequently move in this Court for leave to intervene.

Nicol's appeal on the jurisdictional merits of his admiralty case has been decided this day in a separate opinion, *David Nicol v. Gulf Fleet Supply Vessels, Inc. et al.*, 743 F.2d 289 (5th Cir.1984). Because we vacate the judgment of the district court and remand the case, Hammett, Leake & Hammett may renew its motion to intervene in the district court once our mandate has issued.

AFFIRMED.

---

1. It claimed intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure, asserting an interest in the proceeding under La.Rev.Stat.Ann. § 37:218 (West Supp.1984), which states:

> By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of the court in the parish in which the suit is pending or is to be brought or with the clerk of the court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.

2. An exception to this rule is that once a notice of appeal is filed the district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded. *Farmhand, Inc. v. Anel Engineering Industries, Inc.*, 693 F.2d 1140, 1145–46 (5th Cir.1982).