Ray Wayne BEAVERS, Oscar D. Jenkins, and Terry Chaffin, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

AMERICAN CAST IRON PIPE COMPANY, Defendant–Appellee.

Ray Wayne BEAVERS, etc., et al., Plaintiffs,

James Dollar, Applicant in Intervention and a Member of the Putative Class Appellant,

v.

AMERICAN CAST IRON PIPE COMPANY, Defendant–Appellee.

Ray Wayne BEAVERS, etc., et al., Plaintiffs,

Charles Harmon and Richard Johnson, Plaintiffs–Intervenor Movants–Appellants,

v.

AMERICAN CAST IRON PIPE COMPANY, Defendant–Appellee.

Nos. 87–7475, 87–7514 and 87–7612.

United States Court of Appeals, Eleventh Circuit.

Aug. 15, 1988.

Gordon, Silberman, Wiggins & Childs, Robert L. Wiggins, Jr., Ann K. Norton, Birmingham, Ala., for plaintiffs-appellants.

J. Patrick Logan, J. Frederic Ingram, F.A. Flowers, III, Burr & Forman, Maura R. Goodwyn, Birmingham, Ala., for defendant-appellee.

Before JOHNSON, Circuit Judge, HENDERSON *, Senior Circuit Judge, and PITTMAN **, Senior District Judge.

PER CURIAM:

Ray Wayne Beavers, Oscar D. Jenkins and Terry Chaffin appeal from an order entered by the United States District Court for the Northern District of Alabama dismissing with prejudice their action based on sex discrimination. They also appeal from an order "disqualifying" their attorney, Robert L. Wiggins, Jr. from further representation in the case. James Dollar, Charles Harmon and Richard Johnson appeal from two orders denying their respective motions to intervene. We reverse the dismissal of the action and the "disqualification" of Wiggins, vacate the denial of the motion for intervention and the motion for class certification and remand the case for further consideration.

This case began on May 23, 1983, when Beavers filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that the American Cast Iron Pipe Company ("ACIPCO") had established a policy that "children and legally adopted children must reside full time with a permanent full time or retired employee in order to be eligible for medical services." EEOC Charge, p. 1. The EEOC charge further alleged that ACIPCO's residency policy applied to other health benefits and insurance. Beavers claimed that "[b]ecause women have historically been awarded custody of children in divorce actions more frequently than men, the practice of conditioning receipt of benefits and services upon the residency of children op-

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

erates to exclude male employees from receipt of such benefits at a disproportionate rate in comparison to female employees." *Id.* Beavers alleged that this practice had a disparate impact on him and all other "divorced male employees who have not been awarded children or whose children do not reside with them." *Id.* The EEOC investigated the charge and issued a right-to-sue letter.

On October 24, 1986, Beavers filed this complaint in the United States District Court for the Northern District of Alabama on behalf of himself and on behalf of a putative class composed of past, present and future male employees of ACIPCO. The complaint challenged the residency policy on health benefits and services, alleging that this policy violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d). Three days later, an amended complaint was filed adding Jenkins and Chaffin as additional plaintiffs and class representatives. The case was assigned to the same district judge before whom was pending *Cox v. American Cast Iron Pipe Co.*, 585 F.Supp. 1143 (N.D.Ala.1984), rev'd in part and vacated in part, 784 F.2d 1546 (11th Cir.), *cert. denied*, 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986), on remand, 847 F.2d 725 (11th Cir.1988), a class action involving charges of widespread sexual discrimination against women which was being actively litigated at the time of the filing of the current case.

The plaintiffs in this case and in *Cox* were represented by Wiggins. ACIPCO is represented by the law firm of Burr & Foreman. Between 1972 and 1980, Robert F. Childs, Jr., was employed as a lawyer at Burr & Foreman. While Childs worked for the firm, ACIPCO was involved in a substantial amount of Title VII litigation. Between 1978 and 1980, Childs worked extensively on one of these cases, *Pettway v. American Cast Iron Pipe Co.*, 721 F.2d 315 (11th Cir.1983), *cert. denied sub nom. Daniel v. Pettway*, 467 U.S. 1243, 104 S.Ct.

3515, 82 L.Ed.2d 824 (1984), and, in fact, negotiated a consent decree with Wiggins, representing the *Pettway* plaintiffs. In 1980, Childs also billed ACIPCO for 52 hours of work performed in the *Cox* case. In October, 1980, Childs left Burr & Foreman to become a sole practitioner. In 1985, however, he, without objection from Burr & Foreman,[1] merged his practice with that of Wiggins, each becoming a partner in the firm of Gordon, Silberman, Wiggins & Childs.

On December 5, 1986, the district court entered an order *sua sponte* in the *Cox* litigation directing Wiggins to "show cause in writing, if he can do so, why he and his law firm should not be disqualified" from representing the plaintiffs in both the *Cox* case and the *Beavers* case. In an accompanying memorandum, the court stated that it "cannot find any satisfactory rationalization for what appears to be a clear conflict of interest" by Wiggins in the two cases.

Wiggins responded by arguing that no conflict of interest existed between *Cox* and *Beavers* that would warrant disqualification. Wiggins also argued that, assuming *arguendo* that the district court believed that such a conflict existed, one alternative to disqualification in the *Cox* case would be withdrawal in the *Beavers* case. Wiggins stated that, "[w]hile the plaintiffs in *Beavers* ... would very much like to keep Mr. Wiggins as their attorney, they also acknowledge that their case would be far less disrupted by the retention of new counsel than would be the case for the *Cox* plaintiffs...." ACIPCO addressed the conflict issue in a letter to the district court. The letter did not mention any conflicts problems arising from the partnership of Wiggins and Childs and specifically stated that "it does not appear that [Wiggins's] representation of employee classes and individuals in employment discrimination litigation against [ACIPCO] presents an actual conflict of interest with respect to [ACIPCO]." Finding Wiggins's alternative solution to be "the most plausible solu-

---

1. Both Wiggins and Childs had sent notice of the proposed merger to Burr & Foreman in order to find out whether the firm had any objections because of Childs's past association with the firm and Wiggins's extensive involvement in litigation against ACIPCO.

tion to the conflicts problem," the district court, in an order dated March 6, 1987, granted Wiggins ten days within which to file a motion for leave to withdraw. Wiggins filed a motion to withdraw as counsel in the *Beavers* case, noting that he continued "to believe that there is no conflict and that disqualification is unnecessary." Nonetheless, Wiggins correctly concluded that the district court disagreed and that, in order to avoid disqualification in the *Cox* case, he had "no choice but to obey." The district court entered an order holding that the motion was "well taken" and gave the plaintiffs thirty days to obtain new counsel. Ironically, the district court subsequently disqualified Wiggins in the *Cox* case anyway on conflict of interest grounds.

In April, 1987, David Arendall became plaintiffs' counsel in the *Beavers* case. The plaintiffs filed a second amended complaint, adding a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Unfortunately, the relationship between Arendall and the plaintiffs never developed into one that was mutually satisfactory. On June 3, 1987, Beavers notified Arendall that he no longer wanted Arendall to represent him and that he had lost interest and wanted to withdraw from the case. On June 5, 1987, Arendall filed a motion to withdraw as counsel, citing the lack of a workable attorney-client relationship between himself and the plaintiffs.

In the meantime, on June 2, 1987, ACIPCO noticed Beavers's deposition for June 4, 1987. Jenkins's and Chaffin's depositions were noticed for June 16, 1987. Neither the plaintiffs nor Arendall appeared on either date for the depositions. On June 19, 1987, ACIPCO moved to dismiss the case pursuant to Federal Rules 37(d) for failure to attend their depositions and 41(b) for failure to prosecute. In an order dated July 1, 1987, the district court granted Arendall's motion to withdraw, denied class certification and dismissed the second amended complaint with prejudice, "but without prejudice to any possible claims by members of the putative class except these named plaintiffs." On July 27, 1987, the

plaintiffs, for themselves and the putative class, filed a notice of appeal.

On August 17, 1987, James Dollar, a putative class member, filed a motion to intervene in the action. Charles Harmon and Richard Johnson did likewise on September 24, 1987. On August 18, 1987 and September 30, 1987, respectively, the district court denied these motions, citing lack of jurisdiction. The two groups of would-be intervenors then appealed. Their appeals were consolidated with the appeal filed by the original plaintiffs. During the pendency of this consolidated appeal, this court issued an opinion reversing Wiggins's disqualification in the *Cox* case, holding that ACIPCO had waived its right to seek disqualification and that Wiggins's representation of the *Cox* plaintiffs would not create an impermissible appearance of impropriety. 847 F.2d 725.

■ The district court, stating only that "[i]t is obvious that the individual plaintiffs have lost interest" in the case, denied class certification and dismissed this action with prejudice as to the individual plaintiffs without indicating whether the dismissal was based on Rule 37(d) or Rule 41(b) of the Federal Rules of Civil Procedure. With respect to Rule 37(d), the court in *Cox*, stated,

> [t]he decision to dismiss a claim ... ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders. On appeal we will find abuse of discretion if lesser sanctions would suffice. Here, the lower court made no finding of any bad faith resistance to discovery orders and, further, left no indication on the record that it considered and rejected sanctions less severe than dismissal. This was error.

784 F.2d at 1556 (citations omitted). Similarly, speaking to Rule 41(b), this court stated in *McKelvey v. AT & T Technologies, Inc.,* 789 F.2d 1518 (11th Cir.1986),

> the severe sanction of dismissal—with prejudice or the equivalent thereof— should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.' Moreover,

such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable. A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum be based on evidence of willful delay; simple negligence does not warrant dismissal.

*Id.* at 1520 (citations omitted). In this case, the district court did not make any finding of bad faith resistance by the plaintiffs to any discovery orders or of any other insubordinate behavior by them. Additionally, the record does not indicate that the district court considered any less drastic sanctions. Given the plaintiffs' lack of fruitful communications with Arendall at the time, it is not clear that the plaintiffs' behavior in this case could be characterized as more than negligent. Under these circumstances, the district court's dismissal with prejudice was reversible error.

Turning to Wiggins's removal, we observe, at the outset, that ACIPCO did not move to have Wiggins disqualified. Indeed, in light of *Cox*, ACIPCO most likely waived the right to do so anyway. Wiggins maintains that there is no apparent conflict between his representation of the *Cox* plaintiffs and his representation of the *Beavers* plaintiffs. We agree. The remedies sought in *Beavers* and *Cox* are not in conflict. In fact, the benefits sought by the male employees in *Beavers* would benefit the female employees in *Cox* because some of the women employees (1) have children who do not live with them for whom they currently pay medical expenses out of pocket or (2) are married to men who have children from prior marriages who do not live with them and who incur medical expenses that must currently be paid from their own resources. We also agree with the *Cox* court that Childs's former association with Burr & Foreman would not create an impermissible appearance of impropriety that would warrant Wiggins's disqualification in this case.

The district court acted properly in refusing to entertain the would-be intervenors' motions on jurisdictional grounds.

*See Nicol v. Gulf Fleet Supply Vessels, Inc.,* 743 F.2d 298, 299 (5th Cir.1984). Nonetheless, as with the class certification issue, the district court should re-examine the various motions to intervene on remand with the removal of the jurisdictional impediment.

Accordingly, the district court's dismissal of this action is REVERSED, the disqualification of Wiggins is REVERSED, the denial of class certification is VACATED, the denial of the motions to intervene is VACATED and the cause is REMANDED for further proceedings consistent with this opinion.