In re Keith Jason KANOUSE, Sr., Debtor.

Keith J. KANOUSE, Plaintiff/Appellant,

v.

GUNSTER, YOAKLEY & STEWART, P.A., a Florida professional association, Defendant/Appellee.

No. 93–8317–CIV.
Bankruptcy Nos. 92–31544–BKC–RAM–A, 93–0024–BKC–RAM–A.

United States District Court,
S.D. Florida.

June 8, 1994.

John R. Sheppard, Jr. and Marshall J. Osofsky, Lewis, Vegosen & Rosenbach, P.A., West Palm Beach, FL, for plaintiff/appellant.

Robert S. Hackleman, Gunster, Yoakley & Stewart, P.A., Fort Lauderdale, FL, for defendant/appellee.

*OMNIBUS ORDER (1) DENYING GUNSTER'S AMENDED PETITION TO PROTECT FINAL JUDGMENT OF FEDERAL BANKRUPTCY COURT BY ENJOINING KANOUSE FROM RELITIGATING CLAIMS IN OTHER FORUMS, (2) DENYING KANOUSE'S MOTION TO STRIKE GUNSTER'S APRIL 25, 1994 SUPPLEMENT TO GUNSTER'S AMENDED PETITION, AND (3) AFFIRMING BANKRUPTCY COURT'S MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT*

ARONOVITZ, District Judge.

BEFORE THIS COURT is an appeal from a Memorandum Opinion and Order Granting Gunster, Yoakley & Stewart, P.A.'s ("Gunster") Motion for Summary Judgment entered by Judge Robert A. Mark, United States Bankruptcy Judge, on April 15, 1993, 153 B.R. 81. Also before this Court is Gunster's Amended Petition to Protect Final Judgment of Federal Bankruptcy Court by Enjoining Kanouse from Relitigating Claims in Other Forums, file dated September 13, 1993, and Kanouse's Motion to Strike Gunster's April 25, 1994 Supplement to Gunster's Amended Petition, file dated May 2, 1994.

This Court heard oral argument on the Appeal and the Amended Petition on April 6, 1994, and has carefully considered the briefs submitted on Appeal, Gunster's Amended Petition, the replies filed thereto, Gunster's Supplement to the Amended Petition, Kanouse's Motion to Strike Gunster's Supplement and Gunster's reply filed thereto, oral argument of counsel, the entire record, the applicable law and is otherwise fully advised in the premises. For the following reasons, it is ORDERED AND ADJUDGED that:

(1) Gunster's Amended Petition to Protect Final Judgment of Federal Bankruptcy Court by Enjoining Kanouse from Relitigating Claims in Other Forums is hereby DENIED;

(2) Kanouse's Motion to Strike Gunster's April 25, 1994 Supplement to Gunster's Amended Petition is hereby DENIED; and

(3) The Bankruptcy Court's Memorandum Opinion and Order Granting Gunster's Motion for Summary Judgment is hereby RATIFIED, AFFIRMED & APPROVED in its entirety.

### Factual and Procedural Background

Keith J. Kanouse, Sr. ("Kanouse") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on May 31, 1991. A discussion of the events prior to this bankruptcy filing is necessary.

From September 15, 1983 through November 1, 1990, Kanouse was an officer, director, employee and shareholder of the law firm,

Gunster, Yoakley & Stewart, P.A. ("Gunster"). While at the firm, Kanouse was involved in his own extensive divorce litigation during which time Kanouse was required to pay substantial fees and costs, as well as alimony. As a result of the divorce litigation, Kanouse incurred about $200,000 in unsecured liabilities.

An attorney at Gunster was appointed to help work out a payment arrangement with Kanouse's unsecured creditors. No payment agreement could be reached. In September 1990, the Management Committee at Gunster met to discuss Kanouse's financial condition.

Kanouse alleges that the Management Committee then met with Kanouse and advised him if he filed for bankruptcy, a meeting of shareholders would be convened to have Kanouse expelled from the firm. Kanouse alleges various actions taken by Gunster which amounted to constructive expulsion including: Gunster tabling Kanouse's request to join the International Franchise Association; denying Kanouse' request to send his associate to an American Bar Association annual forum on franchising; attempting to have the Corporate and Securities Department develop a parallel franchise practice; terminating the firm's attorney/client relationship with Kanouse's largest franchise client over a fee dispute case by Gunster's litigation department; and omitting to include information concerning Gunster's franchise practice group and Kanouse's photograph from the firm's brochure. Kanouse alleged that these actions by Gunster resulted in Kanouse tendering his forced resignation on November 2, 1990.

After leaving Gunster, Kanouse opened his own firm and on May 31, 1991 filed a petition under Chapter 11 of the United States Bankruptcy Code. On January 8, 1993, Kanouse filed an Adversary Complaint against Gunster in Bankruptcy Court alleging that Gunster had discriminated against and constructively discharged Kanouse in violation of the anti-employment discrimination provisions of 11 U.S.C. 525(b). The Complaint outlined those actions which amounted to constructive expulsion and alleged that Gunster discriminated against Kanouse due to his insolvency and contemplation of filing for protection under the United States Bankruptcy Code.

That same day (January 8, 1993), Kanouse filed a duplicative action against Gunster and others in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

On January 28, 1993, Gunster answered Kanouse's Adversary Complaint in the Bankruptcy proceeding and simultaneously filed a Motion for Summary Judgment and accompanying affidavit. The issue before the Bankruptcy Court was the application of 11 U.S.C. § 525(b). Judge Mark found that Kanouse had no standing to make a claim under § 525(b) since Kanouse was not a debtor or former debtor at the time of the alleged constructive expulsion. (Kanouse filed for bankruptcy almost seven months after his alleged expulsion from the firm) Kanouse has appealed this decision.

While this Appeal was pending, Gunster filed an Amended Petition to Protect Final Judgment of Federal Bankruptcy Court by Enjoining Kanouse from Relitigating Claims in Other Forums. Gunster has requested this Court to enter a preliminary and permanent injunction enjoining Kanouse, a debtor-in-possession in a Chapter 11 reorganization proceeding pending in the United States Bankruptcy Court for the Southern District of Florida, from prosecuting claims in other forums that have arguably been resolved by virtue of the Final Summary Judgment entered by Judge Robert A. Mark on April 15, 1993 in the adversary proceeding brought by Kanouse against Gunster. As stated, Kanouse is pursuing an appeal of that Final Summary Judgment before this Court.

On April 6, 1994, this Court heard Oral Argument on the Appeal and the Amended Petition and at the close of all arguments took the matter under advisement. After Oral Argument and while the matter was under advisement, Gunster filed a Supplement to its Amended Petition on April 25, 1994. On May 2, 1994, Kanouse filed a Motion to Strike Gunster's Supplement to the Amended Petition.

Before addressing the Appeal, this Court will first consider Gunster's Amended Peti-

tion, and then Kanouse's Motion to Strike Gunster's Supplement.

### Gunster's Amended Petition

Gunster has requested this Court to enter a preliminary and permanent injunction enjoining Kanouse from prosecuting claims in other forums that have arguably been resolved by virtue of the Bankruptcy Court's Final Summary Judgment entered on April 15, 1993.

As noted herein, Kanouse filed an adversary proceeding against Gunster on January 8, 1993 in the United States Bankruptcy Court for the Southern District of Florida. That same day, Kanouse filed a duplicative action against Gunster and others in the Circuit Court for Palm Beach County.

Gunster argues that the claims in Counts I, II, and VII (which have been referred to binding arbitration) and Count VIII of Kanouse's Second Amended State Court Complaint essentially mirror Kanouse's allegations in the Bankruptcy proceeding and are therefore barred by res judicata.[1]

Gunster argues that Kanouse should not be permitted to split his cause of action by filing separate complaints in two different courts. Gunster contends that this Court has authority to stay the state court proceedings in order "to protect or effectuate its [Judge Mark's] judgment" citing an exception to the Anti–Injunction Statute (28 U.S.C. § 2283).

Gunster further argues that under the All–Writs Act (28 U.S.C. § 1651) federal courts have broad injunctive powers to protect their own judgments. Gunster asserts that Kanouse should be enjoined from relitigating these claims in state court since Judge Mark essentially resolved them in his Memorandum Opinion and Order Granting Summary Judgment.

Kanouse, in turn, argues that res judicata does not apply to its state court claims and that the only issue litigated and decided by the bankruptcy court was the narrow issue of whether Kanouse was or had been a debtor at the time he was allegedly discriminated against under § 525(b) of the Bankruptcy Code.

Kanouse states that the Bankruptcy Court did not litigate and decide the claims in Counts III and VIII relating to pay-outs on certain investments, wrongful termination damages and subrogation of certain bonuses.

Kanouse argues that the state court claims, with the possible exception of Count VIII, do not arise under the same common nucleus of operative facts, and are therefore not barred by res judicata. Kanouse distinguishes Count VIII as a separate claim from the resolved § 525(b) claim because Count VIII relies in part on Gunster's violation of the employment agreement.

This Court has carefully considered Gunster's Amended Petition, the replies submitted thereto, oral argument by counsel, the pertinent portions of the record and applicable law. This Court and not the trial court has jurisdiction over this Amended Petition due to the fact that the trial court is deprived of jurisdiction upon the filing of the notice of appeal from a final judgment except that it may aid the appeal or correct clerical errors. *See, Nicol v. Gulf Fleet Supply Vessels, Inc.,* 743 F.2d 298, 299 (5th Cir.1984).

The only issue litigated and ruled on by Judge Mark was whether Kanouse was a debtor or former debtor at the time of the alleged discrimination for purposes of asserting a § 525(b) claim.

The Bankruptcy Court did not litigate Kanouse's entitlement to the following:

(a) back pay of salary (Count I of Second Amended State Court Complaint);

(b) Kanouse's share of "Drexel Bonus" monies (Count II of Second Amended State Court Complaint);

(c) retirement benefits (Count VII of Second Amended State Court Complaint); or

---

1. On July 29, 1993, State Circuit Court Judge Garrison in the State proceeding called up for hearing Gunster's Motion to Compel Arbitration of Kanouse's claims set forth in Counts I, II, VII and VIII of the Amended State Court Complaint. On August 11, 1993, the State Court Granted Gunster's Motion to Compel Arbitration for Counts I, II and VII, but denied the Motion as to Count VIII. Gunster states Counts I, II and VII of the Amended State Court Complaint have now been referred to binding arbitration.

(d) wrongful termination damages based upon a breach of employment contract (Count VIII of Second Amended State Court Complaint)

■ Because the Federal Bankruptcy Court in Granting Gunster's Motion for Summary Judgment did not decide those issues or claims set forth Kanouse's Second Amended State Court Complaint, the relitigation exception of the Anti–Injunction Statute (28 U.S.C. § 2283) does not apply. *See, Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988) (an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court).[2]

■ Similarly, Kanouse's state court claims are not barred by res judicata. The Eleventh Circuit in *Israel Discount Bank Ltd. v. Entin,* 951 F.2d 311 (11th Cir.1992) set forth the elements of res judicata:

> Res judicata bars relitigation of all matters decided in a prior proceeding. Specifically, it will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. *Id.* at 314, *citing, Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir.1990); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir.1990).

■ While the first three prongs are met in this case, the fourth is not. Cases involve the same cause of action for purposes of res judicata if the present case "arises out of the same nucleus of operative fact, or is based

upon the same factual predicate, as a former action." *See, Israel Discount Bank,* 951 F.2d at 315, *citing, Citibank* 904 F.2d at 1503 (other citation omitted).

■ Kanouse's state court claims do not "arise out of the same nucleus of operative fact" as the bankruptcy proceeding. In particular, the complaint filed in the bankruptcy proceeding was based upon Gunster's alleged violation of 11 U.S.C. § 525(b) under the Bankruptcy Code. The Second Amended Complaint filed in state court asserts largely contractual claims for back salary, back bonuses, retirement benefits and wrongful termination damages based upon a breach of employment contract. As such, Kanouse's state court claims are not barred by res judicata. This court likewise declines to exercise its injunctive power under the All–Writs Act (28 U.S.C. § 1651) since its judgment is not threatened by state court adjudication.

For the reasons set forth herein, Gunster's Amended Petition to Protect Final Judgment of Federal Bankruptcy Court by Enjoining Kanouse from Relitigating Claims in Other Forums is hereby DENIED.

### *Kanouse's Motion to Strike Gunster's Supplement to Gunster's Amended Petition*

After this Court heard Oral Argument on the Appeal and Amended Petition on April 6, 1994, and while the matter was taken under advisement, Gunster filed a Supplement to its Amended Petition on April 25, 1994. In this Supplement, Gunster advises that the state court entered an Order on April 7, 1994 granting Gunster's motion to dismiss certain counts (Counts III, VI and VIII) of Kanouse's Second Amended Complaint and al-

---

2. The Anti–Injunction Act generally prohibits the federal courts from interfering with proceedings in the state courts:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Therefore, Congress has permitted injunctions in certain, specific circumstances, namely, when expressly authorized by statute, necessary to aid

of the court's jurisdiction, or necessary to protect or effectuate the court's judgment. *Citing, Chick Kam Choo*, 486 U.S. at 145–146, 108 S.Ct. at 1689. Gunster argues the third exception applies in the case at bar. However, since Federal Bankruptcy Court in Granting Gunster's Motion for Summary Judgment did not decide those issues or claims set forth Kanouse's Second Amended State Court Complaint, the relitigation exception of the Anti–Injunction Statute does not apply.

lowing Kanouse ten (10) days leave to amend. On or about April 19, 1994, Kanouse amended his complaint a third time. Gunster advises that Kanouse's Third Amended Complaint "does not appear materially to impact upon the resolution of the substantive issues addressed by the parties in their respective memorandum and at oral argument."

On May 2, 1994, Kanouse filed a Motion to Strike Gunster's Supplement citing Local Rule 7.1(C), *Local Rules of the United States District Court for the Southern District of Florida,* which provides that "no further or additional memoranda of law shall be filed without prior leave of Court" after the motion, opposing memorandum of law and the movant's reply thereto is served and filed.

On May 13, 1994, Gunster filed a Memorandum in Opposition to Kanouse's Motion to Strike Gunster's Supplement stating that the Supplement was filed because Gunster was compelled to notify this Court of Kanouse's Third Amended Complaint "in order to conserve judicial resources and in exercise of its obligation of candor to the tribunal."

In that Kanouse's Third Amended State Court Complaint was not before the Court for consideration as of the date of Oral Argument on April 6, 1994, this Court wants it to be perfectly clear that its ruling today Denying Gunster's Amended Petition has involved comparison only as between the Bankruptcy proceeding and those claims in Kanouse's Second Amended State Court Complaint as related to res judicata and relitigation exception analysis. This Court has not considered or compared those claims in Kanouse's Third Amended State Court Complaint. This Court otherwise finds good cause for Gunster's filing of its Supplement to the Amended Petition. Therefore, Kanouse's Motion to Strike Gunster's April 25, 1994 Supplement to Gunster's Amended Petition is hereby DENIED.

**3.** 11 U.S.C. § 525(b) provides that:

> No private employer may terminate the employment of, or discriminate with respect to employment against, an individual **who is or has been a debtor under this title,** a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt—

### The Appeal

■ The issue on appeal is whether the Bankruptcy Court correctly concluded that Kanouse may **not** seek relief under 11 U.S.C. § 525(b) since he was not a debtor or former debtor at the time of the alleged acts of discrimination by Gunster.

In his Order granting Gunster's Motion for Summary Judgment, Judge Mark found that since Kanouse did not file for bankruptcy until almost seven months after allegedly being expelled from the firm, Kanouse was not a debtor or former debtor at the time the alleged discrimination took place. Since Kanouse was not a debtor or former debtor at the time of the discrimination, he could not utilize the protection against discrimination afforded by the statute. Judge Mark adopted a plain meaning interpretation of § 525(b).[3]

■ The Court has carefully considered the issue on appeal and applied the appropriate standard of review. In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.,* 904 F.2d 588 (11th Cir.1990); *In re T & B General Contracting, Inc.,* 833 F.2d 1455 (11th Cir.1987). Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re Red Carpet Corp. of Panama City Beach,* 902 F.2d 883 (11th Cir.1990). Conclusions of law are subject to *de novo* review. *In re Chase & Sanborn Corp.,* 904 F.2d at 593; *In re Sublett,* 895 F.2d 1381 (11th Cir.1990).

While the Bankruptcy Court's factual findings are subject to a clearly erroneous standard, that standard does not apply when determining the propriety of the Bankruptcy

> (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;
> (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or
> (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

Judge's conclusions of law, (i.e.) determination of what law applies or determination of the ultimate legal conclusions resulting from the application of the law to the facts. Legal conclusions made by the Bankruptcy Judge may not be approved by the District Court without an independent determination. *In re Columbia Data Products, Inc.,* 99 B.R. 682, 684 (D.Md.1989), *affirmed,* 892 F.2d 26 (4th Cir.1989); *citing, Hunter Sav. Ass'n v. Baggott Law Offices Co.,* 34 B.R. 368, 374 (S.D.Ohio 1983), *reversed on other grounds,* 750 F.2d 536 (6th Cir.1984); *In re Hollock,* 1 B.R. 212, 215 (Bankr.M.D.Pa.1979).

Appellant Kanouse primarily relies on *In re Tinker,* 99 B.R. 957 (Bankr.W.D.Mo.1989) and a Senate Report to an unenacted Omnibus Bankruptcy Improvements Act of 1983.

In *Tinker,* a Chapter 7 petition was filed five days after Geraldine Tinker was fired. The Court permitted Geraldine Tinker to bring a Section 525(b) claim even though she was technically not a debtor at the time of the discrimination. *Tinker* rejected a strict reading of the statute. The Court reasoned at 960 that:

> [it could not] believe that it was the intent of Congress to set up a footrace between a prospective bankrupt and his or her employer.

*Tinker* goes on to review and recite the legislative history to get an insight as to what Congress intended. *Tinker* recites the Senate Report to the unenacted Omnibus Bankruptcy Improvements Act of 1983 (this was the forerunner to the Bankruptcy Amendments of 1984):

> This section amends section 525 of Title 11 to the extent the protection against discrimination to persons employed in the private sector. Under this section, no private employer may terminate employment of or discriminate with respect to employment against any person on the basis that that person had been **or will be** a debtor in bankruptcy, or has suffered insolvency pending a discharge. *Tinker,* at 960, *citing,* (S.Rep. No. 98–65, 98th Cong. 1st Sess 80 (1983) (Senate Report accompanying S 445, Omnibus Bankruptcy Improvements Act of 1983).

Appellant therefore argues that "will be" debtors should also be afforded the protection under 11 U.S.C. 525(b). Based upon this Senate Report and the language of § 525(b)(2) which contemplates "insolvency before the commencement of a case ...", *Tinker* concluded that "it is not just the filing of the petition for relief that triggers the protection of 11 U.S.C. § 525(b)."

Appellee, in turn, agrees with the Bankruptcy Court's strict reading of the statute and rejection of the rationale in *Tinker.*

This Court agrees with the Bankruptcy Court's plain meaning interpretation and application of 11 U.S.C. § 525(b) in this case. The language of the statute is clear:

> No private employer may terminate the employment of, or discriminate with respect to employment against, an individual **who is or has been a debtor under this title** ... solely because such debtor or bankrupt—(1) is or has been a debtor under this title ...

Therefore, one **"who is or has been a debtor"** is afforded protection under 11 U.S.C. § 525(b). The statute does not allow a remedy to "will be" debtors. Since Kanouse was not a debtor nor had been a debtor at the time of the alleged acts of discrimination by Gunster, he is not entitled to relief under § 525(b).

This Court agrees with Judge Mark's learned Memorandum Opinion and Order wherein he distinguished *Tinker* and *Tinker*'s reliance upon questionable legislative history at page 83:

> First, since the language of the statute is clear, it is not appropriate to consider legislative history. *See, e.g., In re Burns,* 887 F.2d 1541, 1545 (11th Cir.1989). Second, *Tinker* erroneously resorts to questionable legislative history in order to vary the unambiguous language of § 525(b). The legislative history relied upon in *Tinker* is not a report that accompanied the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"), which Act included Section 525(b). Rather, *Tinker* relies upon a Senate report to the **unenacted** Omnibus Improvements Act of 1983, which is but one of several **stillborn bills** that preceded the July 10,

1984 enactment of BAFJA by both houses of Congress. Thus, even if the Court considered legislative history, the indirect legislative history cited in *Tinker* is not a conclusive expression of congressional intent sufficient to overcome the clear command of the statute itself. *In re Burns,* 887 F.2d at 1551–1552.

*Tinker* was also premised on avoiding a race between employer and prospective debtor. In this case, there is no race scenario since Kanouse filed his Chapter 11 petition almost seven months after his resignation from the firm.

For the reasons set forth herein, the Bankruptcy Court's Memorandum Opinion and Order Granting Gunster's Motion for Summary Judgment is hereby RATIFIED, AFFIRMED & APPROVED in its entirety.

In summary and for the reasons set forth herein it is ORDERED AND ADJUDGED that

(1) Gunster's Amended Petition to Protect Final Judgment of Federal Bankruptcy Court by Enjoining Kanouse from Relitigating Claims in Other Forums is hereby DENIED;

(2) Kanouse's Motion to Strike Gunster's April 25, 1994 Supplement to Gunster's Amended Petition is hereby DENIED; and

(3) The Bankruptcy Court's Memorandum Opinion and Order Granting Gunster's Motion for Summary Judgment is hereby RATIFIED, AFFIRMED & APPROVED in its entirety.

DONE AND ORDERED.