**In re Norbert and Muriel MAJEWSKI, Debtors.**

**William J. Leonard, Trustee, Appellant,**

v.

**St. Rose Dominican Hospital, Inc., Appellee.**

**No. CV–S–00–1045–PMP (RJJ). Bankruptcy No. S–98–29025–RCJ. Adversary No. S–00–2007.**

United States District Court, D. Nevada.

Feb. 22, 2001.

Philip Goldstein, Las Vegas, NV, for debtors.

Randall Rumph, Lenard Schwartzer, Las Vegas, NV, for appellant.

John Desmond, Reno, NV, Andrew Brignone, Las Vegas, NV, for appellee.

## *OPINION*

PRO, District Judge.

Appellant William J. Leonard ("Leonard") filed a Notice of Appeal on August 4, 2000, to overturn the Order entered on July 27, 2000, by the Honorable Robert C. Jones United States Bankruptcy Judge in case BK–S–98–29025–RCJ, granting St. Rose Dominican Hospital's ("St. Rose") Motion to Dismiss. On August 21, 2000, Leonard filed an Election to Appeal to the District Court (Doc. # 2). Appellee St. Rose filed an Objection to Notice of Referral of Appeal to Bankruptcy Appellate Panel pursuant to Local Bankruptcy Rule 8001(b) on August 21, 2000 (Doc. # 3).

On December 21, 2000, Leonard filed an Opening Brief (Doc. # 11). St. Rose filed an Answering Brief (Doc. # 12) and Excerpts of Record (Doc. # 13) on January 5, 2001. No reply brief was filed with the Court.

■ For purposes of this appeal, a bankruptcy court's conclusions of law are reviewed de novo, while factual findings are reviewed for clear error. *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 191 (9th Cir.1995).

The sole issue on appeal is whether an individual enjoys the protections of 11 U.S.C.A. § 525(b) prior to the filing of bankruptcy.

> No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt—(1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act; (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C.A. § 525(b) (1993).

■ Leonard argues that because § 525(b) is remedial in nature, this Court should interpret the phrase "an individual who is or has been a debtor under this title" broadly so as to include persons who have not filed for bankruptcy prior to alleged discriminatory acts by an employer. However, by interpreting this phrase as broadly as Leonard suggests, its plain meaning is entirely lost. "[C]ourts are bound to give effect to the literal meaning without consulting other indicia of intent or meaning when the meaning of the statu-

tory text itself is 'plain' or 'clear and unambiguous.'" Norman J. Singer, *Statutes and Statutory Construction* § 46:04 (6th ed.2000).

Leonard cites to a number of non-bankruptcy anti-retaliation statutes, including 42 U.S.C.A. § 2000e–3(a), otherwise known as Title VII. 42 U.S.C.A. § 2000e–3(a) however, provides relief to an individual who "opposed any practice made an unlawful employment practice by this sub-chapter." A specific charge of discrimination need not be made. There is no similar language found in 11 U.S.C.A. § 525(b) and thus the two statutes cannot be fairly compared. Additionally, the statutes upon which Leonard bases his arguments have distinct purposes and goals from those of 11 U.S.C.A. § 525(b) and bankruptcy law in general.

There are two cases that have previously addressed the issue now before the Court, *Tinker v. Sturgeon State Bank (In re Tinker)*, 99 B.R. 957 (Bankr.W.D.Mo. 1989) and *Kanouse v. Gunster, Yoakley & Stewart, P.A. (In re Kanouse)*, 168 B.R. 441 (S.D.Fla.1994), *aff'd*, 53 F.3d 1286 (11th Cir.1995), *cert. denied*, 516 U.S. 930, 116 S.Ct. 336, 133 L.Ed.2d 235 (1995). The court in *Tinker* concluded that § 525(b) should be read to include individuals who had not yet filed bankruptcy, although the court denied the relief sought on other grounds. While the court in *Kanouse* held that using a plain meaning interpretation of § 525(b) did not provide a remedy to those who were not debtors or had been debtors. The court in *Kanouse*, expressly disagreed with the conclusion in *Tinker* and its use of "questionable legislative history." *Kanouse*, 168 B.R. at 447.

This Court having conducted a review of relevant authority and the record as provided by the parties, hereby determines that the Order entered on July 27, 2000, should be affirmed. This Court hereby adopts the reasoning set forth by the United States District Court for the Southern District of Florida in *Kanouse* and affirmed by the Eleventh Circuit Court of Appeals. A de novo review of the record reveals no error as to the conclusions of law.

IT IS THEREFORE ORDERED that the Order of the Bankruptcy Court granting St. Rose's Motion to Dismiss, entered on July 27, 2000, is hereby AFFIRMED.