[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16031
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 09-00783-CV-3-MEF, 08-08017-DHW

In Re: RANDALL J. DAVIS,

                                                                    Debtor.

_____

ESTATE OF RANDALL J. DAVIS,

                                                                    Plaintiff-Appellant,

versus

CRUMBLEY BACKHOE SERVICE,
RON CRUMBLEY,

                                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 26, 2010)

Before DUBINA, Chief Judge, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant, the estate of Randall Jack Davis, appeals the district court's affirmance of the bankruptcy court's order granting the defendant's motion for summary judgment. Despite the plain language of the statute and precedent from this circuit to the contrary, Appellant argues that a debtor may seek relief under 11 U.S.C. § 525(b) even when the discrimination alleged by the debtor took place before the filing of the bankruptcy petition.

Section 525(b) provides, in relevant part:

> No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who *is or has been* a debtor under this title . . . solely because such debtor or bankrupt . . . *is or has been* a debtor under this title or a debtor or bankrupt under the Bankruptcy Act.

11 U.S.C. § 525(b) (emphasis added). In *In re Kanouse*, 53 F.3d 1286 (11th Cir. 1995), *cert. denied*, 516 U.S. 930 (1995), we affirmed the district court's holding that only one "who is or has been a debtor" is afforded protection under § 525(b), and that "[t]he statute does not allow a remedy to 'will be' debtors." *In re Kanouse*, 168 B.R. 441, 447 (S.D. Fla. 1994). The district court in *Kanouse* held that because the plaintiff "was not a debtor nor had been a debtor at the time of the alleged acts of discrimination by [his employer], he is not entitled to relief under §

2

525(b)." *Id.* The Ninth Circuit agreed with the *Kanouse* analysis and reached the same conclusion in *In re Majewski*, 310 F.3d 653, 656 (9th Cir. 2002). The only cases that Appellant can cite that reach a contrary result are two bankruptcy court decisions: *In re Mayo*, 322 B.R. 712 (Bankr. Vt. 2005), and *In re Tinker*, 99 B.R. 957 (Bankr. W.D. Mo. 1989). These decisions are clearly contrary to the court's decision in *Kanouse* and therefore are not persuasive in this circuit.[1]

Like the debtor in *Kanouse*, it is undisputed that the debtor in this case was terminated from his employment *before* he filed for bankruptcy. Therefore, as in *Kanouse*, he was not entitled to relief under § 525(b).

AFFIRMED.

---

[1]In fact, the district court in *Kanouse* expressly questioned *Tinker*, stating that the court in *Tinker* relied "upon questionable legislative history." *Kanouse*, 168 B.R. at 447.