# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50029
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN EDWARDO PENA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-324-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Adrian Edwardo Pena pleaded guilty, pursuant to a plea agreement containing an appeal waiver, to having made a false, fictitious, and fraudulent claim to the Government, and he was sentenced to 26 months of imprisonment (time served) and three years of supervised release. He also was ordered to pay $804,765.85 in restitution to the United States Property and Fiscal Office for the State of Arizona-Phoenix (USPFO-AZ), which consisted of $230,987.30

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in actual losses due to Pena's overstatement of insurance and bonding costs in a December 2009 payment application, and $573,778.55 in actual losses resulting from the June 2010 disbursement of an erroneous bank deposit.

Pena now appeals the restitution order. He first argues that the Mandatory Victim Restitution Act did not authorize the award of restitution based on unadjudicated conduct (the June 2010 disbursement) and further that, to the extent the plea agreement exception under the Victim and Witness Protection Act applies, the district court failed to consider that Act's mandatory factors and thus abused its discretion in awarding restitution for the unadjudicated conduct. Pena also challenges both portions of the restitution order, arguing that the award exceeded the actual loss to the USPFO-AZ resulting from Pena's proven conduct.

The Government argues that these arguments are barred by Pena's valid appeal waiver. Pena presents no argument that the appeal waiver does not apply to a restitution order in his case, and the record as a whole reflects that his guilty plea and appeal waiver were knowing and voluntary and that the waiver applies to the restitution order. *See United States v. Keele*, 755 F.3d 752, 755-56 (5th Cir. 2014); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Pena instead argues that the appeal waiver does not bar his challenges to the restitution order because one of two exceptions apply, namely, the restitution award is inconsistent with the parties' agreement and/or the award exceeds the statutory maximum.

Pena is mistaken. Affording the language of the plea agreement its plain meaning, the waiver applies to the circumstances at issue in this case, and the exception to the waiver for an "inconsistent" sentence does not apply. *See Bond*, 414 F.3d at 545; *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005). The plea agreement provides, inter alia, that the amount of restitution

would "not be limited to the amount of loss attributable to the precise conduct set forth in Count Two but will encompass the conduct charged in the indictment." *See also* 18 U.S.C. § 3663(a)(3). Accordingly, Pena and the Government expressly agreed that the restitution award could include any losses caused by the conduct charged in Count Three (theft of public money beginning on December 4, 2009, and continuing until June 21, 2010) and Count Four (conspiracy to launder monetary instruments beginning on June 18, 2010, and continuing until June 21, 2010). Additionally, Pena did not specifically reserve the right to appeal a sentence exceeding the statutory maximum. Issues waived in a valid and enforceable waiver need not be considered on direct appeal. *Bond*, 414 F.3d at 546. Finally, even if, as Pena urges, we were to apply an exception to his appeal waiver to allow a challenge to a sentence exceeding the statutory maximum, his arguments do not fall within such an exception.

Because the plain language of the waiver provision applies to Pena's appellate challenges, and because the record reflects that Pena understood the rights that he was waiving, we will enforce the waiver and DISMISS the appeal. *See Bond*, 414 F.3d at 544, 546. Pena's motion requesting that this court stay further proceedings on the instant appeal until his appeal in No. 16-51351 is resolved is DENIED.