# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-51351

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

ADRIAN EDWARDO PENA,

  Defendant - Appellant

Appeal from the United States District Court
for the  Western District of Texas
USDC No. 3:13-CR-324-1

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

  For Adrian Edwardo Pena's challenge to the denials of his post-judgment motion to compel disclosure and subsequent motion for clarification, both filed while his appeal from the judgment was pending, the principal issue at hand is whether that appeal divested the district court of jurisdiction to consider those two motions.  AFFIRMED.

---

 * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-51351

I.

A federal agency in June 2010 inadvertently transferred $733,320 into a company account controlled by Pena and his wife. Fearing garnishment, Pena transferred $446,215 of these funds to the IOLTA trust account of his then-attorney Stanton. Stanton later received a letter and telephone call from Lewis, an Assistant United States Attorney (AUSA) for the western district of Texas, detailing the transfer's suspected illegality, and, accordingly, requesting Stanton hold the funds.

The Penas were indicted in February 2013 on four counts of conspiracy to defraud the Government, in violation of 18 U.S.C. §§ 286, 287, 641, 642, and 1956(h). Pena then discovered Lewis' United States Attorney's Office (USAO) for the western district of Texas was recused from the criminal investigation and prosecution of an individual involved in the case. As a result, Pena moved for disclosure of information related to this recusal.

The court held a hearing in March 2014 on this first motion to compel disclosure. But, because Pena was involved in ongoing plea negotiations with the Government, he sought a continuance of the hearing and requested the court decline to rule on the motion. Therefore, the court left the disclosure issue pending.

That August, Pena pleaded guilty to making false, fictitious, or fraudulent claims to the Government, in violation of 18 U.S.C. § 287. Additionally, he agreed to waive all rights "to appeal the sentence on any ground", except "to the extent [his sentence was] the result of a violation of his constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension". Pena received a sentence of, *inter alia*, 26 months' imprisonment (time served), and was ordered to pay $804,765.85 in restitution.

No. 16-51351

Despite his appeal wavier, Pena appealed the judgment, including the restitution order. And, following filing that appeal, Pena discovered the recusal of the USAO for the western district of Texas from the enforcement of the restitution order. Accordingly, he filed a second disclosure motion, even though his appeal was pending. This instant (second) appeal stems from the denials of that motion and the motion to clarify.

Regarding those denials, and the then-pending (first) appeal, the pertinent dates follow. The briefing for that appeal was completed on 6 September 2016; Pena's second motion to compel disclosure was filed on 7 October; the court summarily denied that motion on 7 November; Pena filed his motion for clarification on 16 November; that motion was summarily denied on 17 November; Pena filed notices of appeal on 16 and 17 November from the denials of his two motions; and he filed a motion in this court on 21 November to stay his first appeal, pending resolution in this second appeal of his post-judgment disclosure motions.

In March 2017, our court dismissed Pena's first appeal, ruling the appeal waiver valid. *United States v. Pena*, 683 F. App'x 307, 308 (5th Cir. 2017). In that opinion, Pena's motion in our court to stay proceedings for that appeal, pending resolution of the post-judgment motions to compel, was summarily denied. *Id.*

## II.

In challenging the summary denial of his post-judgment (second) motion to compel, and the subsequent summary denial of his motion for clarification, Pena claims the denials were an abuse of the district court's discretion. Whether the district court lacked jurisdiction to consider those motions must be first addressed. In denying them, the district court did not provide findings

No. 16-51351

of fact or conclusions of law. In any event, no authority need be cited for our review being *de novo* for jurisdiction *vel non*.

An appeal divests the district court of its jurisdiction "over those aspects of the case involved in the appeal". *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Further, an appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, "except in aid of the appeal or to correct clerical errors". *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984).

As discussed *supra*, after filing his first appeal, Pena discovered the USAO for the western district of Texas' recusal from the enforcement of his restitution order. Accordingly, he filed in district court a second motion to compel disclosure of "[t]he factual basis in any recusal memorandum submitted to or issued by the [Executive Office for the United States Attorney's] Legal Counsel's office related to []Pena", and "[a]ny *Brady* information not previously disclosed, including information relating to AUSA Lewis such as whether the Government ever investigated [his] communication with Stanton and what information the Government obtained as part of that investigation".

As also discussed *supra*, Pena's first appeal was pending when that motion and the motion to clarify were filed in district court, even though that appeal divested the district court of authority over all matters involved in the pending appeal. *Griggs*, 459 U.S. at 58. To overcome that barrier, Pena maintains his second motion to compel presented a novel legal question—whether due-process violations or prosecutorial misconduct were inherent to the recusals—and was therefore an outside matter, within the jurisdiction of the district court, notwithstanding his pending appeal.

4

No. 16-51351

Nonetheless, because Pena appealed the judgment as a whole, the district court retained only the authority to facilitate the appeal or correct any clerical issues. *Nicol*, 743 F.2d at 299. In that regard, Pena's post-judgment (second) motion to compel neither facilitated his appeal, nor corrected any clerical error. It follows that, even if it were determined Pena's post-judgment motion to compel did not involve matters on appeal, the district court nonetheless lacked jurisdiction to consider it.

III.

For the foregoing reasons, the judgment is AFFIRMED.