# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2020

Lyle W. Cayce
Clerk

No. 19-40318
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE VICTOR HERNANDEZ-CUELLAR,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-111-1

Before BENAVIDES, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Jose Victor Hernandez-Cuellar, who is serving a 247-month sentence for sexual exploitation of children, appeals the district court's order granting in part and denying in part his pro se motion to unseal parts of the record. Hernandez-Cuellar's direct appeal of his judgment of conviction was pending at the time he filed his motion to unseal. As a threshold issue, we are obligated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40318

to examine the basis of our jurisdiction. *See United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988).

"'[A]n appeal divests the district court of its jurisdiction over those aspects of the case involved in the appeal.'" *United States v. Bolton*, 908 F.3d 75, 101 (5th Cir. 2018) (quoting *United States v. Pena*, 713 F. App'x 271, 272 (5th Cir. 2017) (internal quotation marks and citation omitted)), *cert. denied*, 140 S. Ct. 47 (2019). "Further, an appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, 'except in aid of the appeal or to correct clerical errors.'" *Pena*, 713 F. App'x at 272-73 (quoting *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984)).

Hernandez-Cuellar's appeal of the district court's final judgment as a whole was pending at the time he filed his motion to unseal. Thus, the district court retained only the authority to aid the appeal or correct any clerical errors. His pro se motion sought to unseal documents that he believed would support a potential 28 U.S.C. § 2255 motion; it did not seek to unseal documents relevant to the pending appeal. Therefore, the district court's order granting the motion in part and denying it in part did not aid the appeal or correct clerical errors, and the district court lacked jurisdiction to consider the motion while the direct appeal was pending.

Accordingly, because the district court lacked jurisdiction, we lack jurisdiction to consider the merits of Hernandez-Cuellar's appeal of the district court's order. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). The appeal is DISMISSED for lack of jurisdiction.